UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MOURICE NEAL EL,

    Plaintiff,

v.

SARAH VOLASEK, et al.,

    Defendants.

Case No. 1:22-cv-394

McFarland, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On July 6, 2022, Plaintiff Mourice Neal El initiated this action pro se, by filing an application seeking to proceed *in forma pauperis* together with a tendered complaint against three individual Defendants: Sarah Valasek, Cynthia Coser, and Wade Haley. By separate order filed herewith, the undersigned has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

    **I.**    **Standard of Review**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490

U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated

in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**II.     Allegations of Complaint**

Plaintiff alleges that the three identified Defendants violated his civil rights when they executed a search warrant on "the wrong location." (Doc. 1-1 at 3, PageID 6). Plaintiff alleges that his business was located at 321 Garrison Street, but that "at the time of the offense to enter into my place of business was 323 Garrison St." (*Id*.) Plaintiff alleges that the agent in charge was Defendant Sarah Valasek. He alleges that the execution of a warrant for 323 Garrison Street violates the Fourth and Fifth Amendments of the U.S. Constitution and "U.S. Constitution Article VI", plus various provisions of the

3

Ohio state constitution. He alleges that the warrant constitutes a "robbery in their official capacity." (*Id*.)

In the "relief" section of the complaint form, Plaintiff states that he seeks his "sovereign citizenship with the use of the name Mourice Neal El and fifteen trillion and for a place to live Detroit Bella Island for residency," plus "my beer and liquor license[]s granted and the right to run a letter machine and my EBT all in my store." (Doc. 1-1 at 4, PageID 7). He further seeks to be "exempt for paying tax[e]s meaning tax exemption federal and all states," and for the return of "my property" including payment "for the expiration [of] any of my property." (*Id*.) Attached to the complaint are copies of the search warrant for 323 Garrison Street, an April 6, 2022 Memorandum listing the property seized pursuant to the execution of the warrant at 323 Garrison Street, as well as an Evidence Custody Document (referencing **321** Garrison Street) and Notification of Property Seizure (listing 323 Garrison Street). Last, Plaintiff includes a "Notice of Hearing" concerning the appointment of counsel for multiple criminal charges filed against Plaintiff in Fremont Municipal Court relating to the execution of the warrant, including: CRB 2200203A, CRB 2200203B, CRB 2200204A, CRB 2200204B, CRB 2200205A, CRB 2200205B, CRB 2200206A, CRB 2200206B, CRB 2200249, and CRB 2200250. (*Id*.)[1]

### III. Analysis

Plaintiff appears to be seeking relief against three individual Ohio Department of Public Safety, Investigative Unit agents or officers, each of whom is named in his or her "official capacity." The address identified for the three officers or agents is the post office

---

[1] The undersigned takes judicial notice that an additional case was filed against Plaintiff in the same court, CRA 2200375. However, it is not clear from the docket sheet whether that case (for failure to register as a sex offender) is related to the warrant. In addition, the CRA 2200375 was recently bound over for prosecution in the Sandusky Court of Common Pleas. *See* 22CR448.

4

box associated with the Toledo, Ohio Investigative Unit District Office of the Ohio State Highway Patrol.  Plaintiff generally alleges that the three agents violated his constitutional rights based upon the execution of a warrant and/or seizure of his property.  The undersigned construes Plaintiff's complaint as seeking relief under 42 U.S.C. § 1983, which provides that "[e]very person who, under the color of any statute ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ...." *Id*.

The undersigned recommends dismissal of this lawsuit for failure to state a cognizable claim, or alternatively, under *Younger* abstention principles.  The primary factual allegation asserted by Plaintiff is that the actual address number of his business was 321 Garrison Street, and not 323 Garrison Street as identified in the warrant.  However, he alleges that at the time the warrant was executed, the entrance of his business was indeed through 323 Garrison Street.  He implies that the agents acted improperly "in their official capacity" because they relied upon a warrant that reflected an error in the street address.  But as the Sixth Circuit has explained:

> Challenges to warrants based on typographical errors or factual inaccuracies typically fall under this Circuit's clerical error exception. We have consistently found that inadvertent drafting mistakes, for instance transposing a number in a street address or listing an incorrect nearby address do not violate the Fourth Amendment's prohibition on unreasonable searches and seizures.

*United States v. Abdalla*, 972 F.3d 838, 841 (6th Cir. 2020) (rejecting convicted defendant's challenge to denial of motion to suppress).

Plaintiff does not offer any other factual details to explain in what way the Defendants' conduct might have violated the Fourth or Fifth Amendment or any other

5

constitutional provision, nor does he allege any other conduct by any Defendant that could give rise to liability under § 1983. In short, Plaintiff's allegations are too few and too cursory to state a plausible claim against any of the identified Defendants. *Bradley v. Mason*, 833 F.Supp.2d 763, 769 (N.D. Ohio 2011) (dismissing potential Fourth Amendment claim where the pro se plaintiff had failed to include "either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements."); *see also generally*, *Iqbal*, 556 U.S. at 678 (complaint must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Additionally, Plaintiff clearly identifies in his complaint that the Defendants acted "in their official capacity." A suit against a state official in his or her official capacity is deemed a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's suit against the Defendants "in their official capacity" therefore is no different from a suit against the state itself. *Id.,* 491 U.S. at 65. Where a state has not waived its immunity, the Eleventh Amendment acts as a jurisdictional bar to a federal court lawsuit against a state. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992); *Wilson-Jones v. Caviness*, 107 F.3d 358, 358 (6th Cir. 1997). Ohio has not waived its sovereign immunity, and Congress did not disturb the states' Eleventh Amendment immunity when it passed 42 U.S.C. § 1983. *Wolfel*, 972 F.2d at 718. The Eleventh Amendment thus precludes all suits, whether for injunctive or monetary relief, against the state and its departments. *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995) (citing *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984)). To the extent Plaintiff's complaint seeks to hold Defendants liable in their official capacities,

the Eleventh Amendment bars his claims. *See Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299 (6th Cir. 1984) (holding that the Eleventh Amendment barred suit against university officers sued in their official capacities).

If Plaintiff's conclusory allegations were sufficient to state a claim against the three Defendants and the Eleventh Amendment did not apply, the undersigned alternatively would recommend abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff has alleged that the state has filed criminal charges against him. The undersigned takes judicial notice that those charges remain pending. Federal courts must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. at 44-45; *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). "When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case." *Williams v. Trumbull Cnty. Sheriff's Dept.*, 2019 WL 3843079, at *2-3 (N.D. Ohio Aug. 15, 2019) (citing *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988)).

*Younger* abstention is appropriate if: (1) there is an ongoing state judicial proceeding; (2) that implicates important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal constitutional questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The "salient fact is whether federal-court interference would unduly interfere with the legitimate activities of the state," regardless of whether the state court proceeding is criminal, quasi criminal or civil in nature. *Id.*, 457 U.S. at 433 n.12. The brief allegations in Plaintiff's complaint suggest the presence of the first two *Younger* abstention factors, insofar as he

7

acknowledges the existence of ongoing state criminal proceedings against him. And the third factor – that Plaintiff has ample opportunity to present his constitutional challenges within those ongoing state criminal proceedings – is presumed. *See Pennzoil*, 481 U.S. at 15; *accord Walker v. Minton*, 1999 WL 503476, at *2 (6th Cir. July 7, 1999) (holding that the district court correctly abstained from deciding claims concerning an ongoing criminal prosecution in state court).

IV. **Conclusion and Recommendation**

For the reasons discussed, **IT IS RECOMMENDED THAT** the complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and because the State of Ohio is entitled to immunity under the Eleventh amendment. Only in the alternative does the undersigned recommends dismissal *without prejudice* under *Younger* abstention principles. The undersigned further recommends that this Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                          *s/Stephanie K. Bowman*
                          Stephanie K. Bowman
                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MOURICE NEAL EL,

       Plaintiff,                                     Case No. 1:22-cv-394

v.                                            McFarland, J.
                                                       Bowman, M.J.

SARAH VOLASEK, et al.,

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).