UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MOURICE NEAL EL,

    Plaintiff,

v.

SARAH VOLASEK, et al.,

    Defendants.

Case No. 1:22-cv-394

McFarland, J.
Bowman, M.J.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On July 6, 2022, Plaintiff Mourice Neal El, proceeding pro se, initiated this action by filing an application seeking to proceed *in forma pauperis* together with a tendered complaint against three individual Defendants. The undersigned granted Plaintiff's leave to proceed *in forma pauperis*, but simultaneously filed a Report and Recommendation ("R&R") that recommended dismissal of the complaint. (Docs. 3, 4). Objections to that R&R remain pending before the presiding district judge. (Doc. 5).

On August 31, 2022 Plaintiff filed a motion for default judgment against the three Defendants. (Doc. 6). This Supplemental R&R addresses Plaintiff's pending motion as well as a question of improper venue in this Court.

### I.    Background

The undersigned takes judicial notice that, to date, Plaintiff has filed a total of four civil rights cases in the Southern District of Ohio, including the above-captioned case. Close in time to when Plaintiff filed the instant case, he filed two cases that were assigned to other judicial officers. Upon initial screening, the Court transferred those two cases to

the Northern District of Ohio based upon a determination that venue did not lie in this district. *See, e.g.*, Case No. 1:22-cv-385-MWM-KLL (transferred to Northern District of Ohio and re-opened as 3:22-1180-JGC due to improper venue in the Southern District of Ohio); Case No. 1:22-cv-387-DRC-KLL (same, re-opened as 3:22-cv-1183-JRK). The transfer orders did not address any other issues, such as whether the complaints were otherwise subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). As of this date, both of the transferred cases await further review in the Northern District of Ohio.

The undersigned did not initially examine the venue issue in the above-captioned case. Instead, on July 15, 2022, the undersigned filed a Report and Recommendation ("R&R") that recommended dismissal of Plaintiff's complaint with prejudice for failure to state any viable claim and because the State of Ohio is absolutely immune from suit. In the alternative, the R&R recommended dismissal without prejudice under *Younger* abstention principles given the existence of related and ongoing state criminal proceedings. Below, the undersigned discusses the lack of venue in this district, but reiterates the conclusion of the prior R&R that the complaint should be dismissed.

Plaintiff recently filed a fourth case in this district, Case No. 1:22-cv-522-SJD-SKB. The undersigned has filed a separate R&R concerning that legally frivolous case.

II. Analysis

A. Plaintiff's Venue Problem

The same defect in venue that provided grounds for transfer of Case Nos. 1:22-cv-385-MWM-KLL and 1:22-cv-387-DRC-KLL exists in the above-captioned case. Plaintiff alleges that he is a resident of Freemont, Ohio, which is located in Sandusky County. The events that form the basis of his complaint also are alleged to have occurred

2

in in Sandusky County rather than any county in the Southern District of Ohio. Each of the three defendants is alleged to reside in Holland, Ohio, which is located in Lucas County. Both Sandusky County and Lucas County are in the Northern District of Ohio. *See generally*, 28 U.S.C. § 1391(b) (setting forth parameters of venue). In short, venue in this district is clearly improper, whereas venue in the Northern District of Ohio *may* be appropriate.

When a case is filed in the wrong division of a district court, the court either "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the prior R&R, the undersigned recommended dismissal upon initial screening under 28 U.S.C. § 1915(e). That recommendation is unchanged by the fact that venue is improper, because §1406(a) explicitly requires dismissal unless "justice" requires transfer. Because this case has been determined to be legally frivolous upon initial screening, the undersigned continues to believe that dismissal rather than transfer is appropriate.[1]

> "The statute explicitly contemplates dismissal unless otherwise warranted." *Peckio v. Shay,* 708 F. Supp. 75, 76 (S.D.N.Y.1989). Once a court determines that venue is improper, it should examine the merits of the plaintiff's action in deciding whether the interests of justice require transfer instead of dismissal. *See, e.g., King v. Russell,* 963 F.2d 1301, 1305 (9th Cir.1992); *Hapaniewski v. Chicago Heights,* 684 F. Supp. 1011, 1013-14 (N.D.Ind.1988); *see also Shemonsk y v. Office of Thrift Supervision Dep't of Treasury,* 733 F. Supp. 892, 895 (M.D.Pa.1990) (suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue); *Safeco Ins. Co. v. Miller,* 591 F. Supp. 590, 597 (D.Md.1984) (transfer would not serve the 'interest of justice' where the case, if transferred, would merely be dismissed in the transferee court); *Froelich v. Petrelli,* 472 F. Supp. 756, 763 (D.Haw.1979) (not in interests of justice to transfer case to California because case would simply be dismissed under statute of limitations); *Viaggio v. Field,* 177 F. Supp. 643, 645 (D. Md.1959) (not in the

---

[1] For similar reasons, the undersigned recommends dismissal rather than transfer of Plaintiff's recently filed fourth case. *See* Case No. 1:22-cv-522-SJD-SKB.

interests of justice to transfer case to Pennsylvania, since no hearing would be had on the merits there, and it would be an injustice to the defendant to require him to engage other and additional local counsel in Pennsylvania merely to plead the statute of limitations). *Cf. Passic v. State,* 98 F. Supp. 1015, 1016 (E.D. Mich.1951) (finding transfer of frivolous habeas petition not in the interests of justice). For the reasons stated below, transfer of Plaintiff's complaint is not in the interests of justice.

*Spivey v. Woodall*, 2008 WL 1994825, at *1 (W.D. Tenn. May 5, 2008).

This Court has previously dismissed frivolous cases rather than transferring them even when venue may be proper in another district. *See*, *e.g.*, *Onuachi v. Master Builders, Inc.*, Case No. 1:19-cv-358-SJD-SKB, 2019 WL 2210797, at *2 (S.D. Ohio May 22, 2019) (dismissing frivolous case for lack of federal jurisdiction rather than transferring it for improper venue). *Emrit v. Trump*, Case No. 1:19-cv-18-MRB-SKB, 2019 WL 140107, at *3 (S.D. Ohio Jan. 9, 2019) ("Although it would be more expedient for this Court to transfer Plaintiff's current complaint … the better course of action is to recommend dismissal at the outset rather than to burden another federal court with this frivolous action."). As in the referenced cases, the undersigned concludes that a transfer of this frivolous case to the Northern District would unnecessarily burden another federal court and would be contrary to the interests of justice.

### B. Plaintiff's Motion for Default Judgment

None of the Defendants have been properly served in this case. Given the fact that the undersigned has previously recommended dismissal without service of the complaint, and that – as discussed above – venue in this district is improper, Plaintiff's motion for entry of default judgment is wholly without merit and should be denied.[2]

---

[2] Default judgment under Rule 55(b) is also procedurally improper in the absence of valid service and a prior entry of default under Rule 55(a), Fed. R. Civ. P.

4

### C. Plaintiff's propensity to file frivolous cases in this district

Based upon the prior transfer of two of his cases on the basis of improper venue, Plaintiff should have been aware that venue in the Southern District of Ohio is lacking. Even if he could claim ignorance at the time he filed the above-captioned case, he was well-informed of the venue provision prior to filing Case No. 1:22-cv-522, and prior to filing the motion for default judgment in this case.

When pro se litigants repeatedly proceed *in forma pauperis* on frivolous claims, this Court has exercised its inherent powers to curb such abusive and vexatious practices. *See*, *e.g.*, *Emrit v. Trump*, *supra* (imposing pre-filing sanctions). Plaintiff has now filed four separate cases that appear to have no connection with this district, and over which venue in this district is clearly improper. Two of the cases were immediately transferred to the Northern District of Ohio. However, the undersigned has recommended that the above-captioned case and Case No. 1:22-cv-522-SJD-SKB both be dismissed under 28 U.S.C. § 1915(e)(2)(B) rather than transferred for improper venue in the interests of justice and judicial economy. In order to minimize any future burden on scarce judicial resources, Plaintiff also should be forewarned that if he continues to file frivolous cases over which venue is improper in this district, he risks being formally sanctioned.

### III. Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED HEREIN**:

1. This case should be dismissed on the grounds previously set forth in the R&R filed on July 15, 2022 (Doc. 4), as well as for lack of venue, rather than being transferred to the Northern District of Ohio;

2. Plaintiff's motion for default judgment (Doc. 6) should be DENIED;

3. As Plaintiff has now filed four separate cases without any apparent connection to the district over which venue is improper, he should be ordered to avoid filing any future cases in the absence of venue.  Should Plaintiff persist in filing cases in which venue is improper and/or that are legally frivolous under 28 U.S.C. §1915(e)(2)(B), the Court may seek to impose non-monetary sanctions to deter future abusive or vexatious conduct;

4. This Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

_s/Stephanie K. Bowman_\
Stephanie K. Bowman\
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MOURICE NEAL EL,

    Plaintiff,

v.

SARAH VOLASEK, et al.,

    Defendants.

Case No. 1:22-cv-394

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7